UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>D. MOORE, et al.,<br><br>Defendants. | No. 2:20-cv-2387 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
2  § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
15 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
16 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
17 1227.

18     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
23 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
24 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
25 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
26 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
27 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
28 quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that defendants searched plaintiff's cell and took plaintiff's CD player and headphones in retaliation for plaintiff previously assaulting other correctional officers.

Plaintiff's complaint fails to state a cognizable civil rights claim.  While the court does not condone the alleged actions of defendants, plaintiff is required to allege facts demonstrating a violation of his federal civil rights.

First, plaintiff has failed to allege facts demonstrating he can state a cognizable retaliation claim.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff alleges that defendants searched his cell and took his property in retaliation for plaintiff's earlier acts of "gassing" other correctional officers.  Such acts by plaintiff do not constitute actions protected by the First Amendment, and therefore cannot support an alleged retaliation claim.

Second, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized

1  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
2  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg,
3  832 F.2d 1142, 1149 (9th Cir. 1987).

4  In the instant case, plaintiff has not alleged any facts which suggest that the deprivation
5  was authorized.  The California Legislature has provided a remedy for tort claims against public
6  officials in the California Government Code, §§ 900, et seq.  Because plaintiff has not attempted
7  to seek redress in the state system, he cannot sue in federal court on the claim that the state
8  deprived him of property without due process of the law.  Therefore, plaintiff's claim concerning
9  the unauthorized deprivation of property must, therefore, be dismissed as frivolous.  See 28
10 U.S.C. § 1915(e)(2).[1]  Plaintiff should pursue his state court remedies, if any.

11 Because plaintiff's property claim is frivolous, and he fails to allege facts to support a
12 retaliation claim, the complaint must be dismissed.  In an abundance of caution, however, the
13 court grants leave to file an amended complaint.

14 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
15 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
16 West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
17 each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no
18 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
19 defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633
20 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official
21 participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,
22 268 (9th Cir. 1982).

23 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
24 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading.  This requirement exists

---

[1] Although plaintiff identifies property and retaliation as the issues raised, he also cites the Fifth and Fourteenth Amendments.  (ECF No. 1 at 4, 8.)  However, plaintiff's complaint does not allege facts implicating such Amendments.

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
2  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
3  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
4  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any
5  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
6  and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's request for leave to proceed in forma pauperis is granted.

   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
   Director of the California Department of Corrections and Rehabilitation filed concurrently
   herewith.

   3. Plaintiff's complaint is dismissed.

   4. Within thirty days from the date of this order, plaintiff shall complete the attached
   Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
also bear the docket number assigned to this case and must be labeled "Amended Complaint."

   Failure to file an amended complaint in accordance with this order may result in the
dismissal of this action.

Dated:  December 8, 2020

/brow2387.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. MOORE, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-2387 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff