UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:20-cv-2387 KJN P |
| Plaintiff, | |
| v. | ORDER |
| D. MOORE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On December 16, 2020, plaintiff filed a document entitled "Amended Complaint." (ECF No. 11.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff's December 16, 2020 filing cannot be fairly construed as an amended pleading; plaintiff fails to specifically identify each defendant and his or her location, or specifically name each defendant in the caption of his pleading; fails to set forth any requested remedy; and appears to simply argue with the court's screening of plaintiff's claims. For example, plaintiff argues that the actions of the defendants in wrongfully taking plaintiff's property was intentional, claiming that demonstrates a due process claim. But plaintiff is mistaken. Plaintiff's claim does not hinge

on whether the actions of defendants were intentional, but rather whether the deprivation of plaintiff's personal property was unauthorized. Plaintiff's allegations suggest that the taking of his personal property was not authorized because he claims it was done in retaliation. Thus, the taking of his personal property is the injury he suffered in connection with his alleged retaliation claim. If plaintiff wishes to challenge the unauthorized taking of his property, he must pursue such tort claim in state court, as previously explained. (ECF No. 6 at 3-4.)

In addition, plaintiff now states that prior to searching plaintiff's cell, "defendants" told plaintiff if he filed a grievance they would confiscate some of his personal property. (ECF No. 11 at 2.) Plaintiff's new allegation concerning retaliation poses a closer question because plaintiff failed to include specific facts concerning the timing of the "defendants" alleged statement, as well as the date or timing of the challenged cell search. As plaintiff was informed in the initial screening order, plaintiff must allege specific facts as to each named defendant. Plaintiff must allege facts supporting each element of a retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's vague statement in his recent filing is insufficient to meet each of these elements, and fails to clearly demonstrate the timing of such verbal statements and the date the cell was searched. For example, did plaintiff file a grievance after the defendants' alleged statement thus allegedly prompting the challenged cell search?

Finally, plaintiff was also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

For all of the above reasons, plaintiff's amended complaint must be dismissed. The court grants leave to file a second amended complaint. In order to assist plaintiff in meeting the minimum pleading standards, he is required to file his second amended complaint on the court's form complaint.

////

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is not required to cite legal authorities.

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be filed on the court's complaint form, bear the docket number assigned this case, and be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint that complies with this order will result in a recommendation that this action be dismissed.

////

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: January 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow2387.14am